## SMOLENS v. CAMERON.

(Supreme Court, Appellate Term. May 24, 1910.)

COURTS (§ 189*)—MUNICIPAL COURTS—VACATING JUDGMENT.

Under Municipal Court Act (Laws 1902, c. 580) § 254, authorizing the judge who presided at the trial to vacate the judgment, a motion to vacate a judgment, made to the court, and not to the judge who presided at the trial, is unauthorized, and the fact that he was not in office on the adjourned day of the hearing of the motion, but was in office when the

notice of the motion was served, so that the motion should have been made returnable before him, was immaterial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham I. Smolens against Philip Cameron. From an order vacating a judgment for defendant, he appeals. Reversed, and vacated judgment reinstated.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Clifford Seasongood, for appellant.
Abraham I. Smolens, pro se.

PAGE, J. A trial of this action was had before Mr. Justice James W. McLaughlin without a jury, and on the 24th day of December, 1909, he rendered a judgment for the defendant. On the same day the plaintiff served notice of motion as follows:

"I shall move this court, at a part reserved for the hearing of motions, Part I thereof, * * * on the 29th day of December, 1909, * * * for an order vacating and setting aside the judgment rendered by Mr. Justice James W. McLaughlin, without a jury, on the 24th day of December, 1909, and granting to the plaintiff a new trial, upon all the exceptions taken at the trial, and upon the further ground that the said judgment is contrary to the law, and upon the grounds of relief mentioned in section 254 of the Municipal Court act."

Justice McLaughlin's term of office expired December 31, 1909. Therefore, when this notice of motion was served, he was in office, and the motion should have been made returnable before him. It is only in the case where the justice has died, or his term of office has expired, or the judge before whom the case was tried directs it to be heard before another, that such a motion in a court of record could be made at Special Term. McCreery Co. v. Equitable National Bank, 54 Misc. Rep. 508, 104 N. Y. Supp. 959. The only authority in the Municipal Court for a motion to set aside and vacate a judgment is section 254 of the Municipal Court act (Laws 1902, c. 580), which is limited in terms to "the judge who presided at the trial." Therefore this motion was unauthorized; it having been made to the court, and not to the judge who presided at the trial.

It is not necessary to consider the effect of Mr. Justice McLaughlin's term having subsequently expired, nor enter upon the question as to who was his successor in office (Municipal Court Act, § 16), for the reason that this motion was not pending before him at the time; and the fact that he was not in office on the adjourned day has no bearing upon this matter.

The order of the Municipal Court, appealed from, should be in all things reversed, and the judgment thereby vacated reinstated, and the motion for a new trial denied, with costs of the appeal to the appellant. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes